# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

WAYNE H. NORMAN,　　　　　　　　　　　　　Civil Action File No.

　　Plaintiff,

vs.　　　　　　1:16-cv-0797 SEB-MPB



BROWN MACKIE COLLEGE,

　　Defendant.

## COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, BROWN MACKIE COLLEGE, states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of BROWN MACKIE COLLEGE, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of BMC, including but not limited to BMC, in

negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express consent within the meaning of the TCPA.

2. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

3. BMC, has violated the TCPA by contacting the Plaintiff on his cellular telephone via an "automatic dialing system," as defined by 47 U.S.C § 227 (a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

4. Jurisdiction and Venue is proper pursuant to 28 U.S.C. sections 1331, and 1391.

## PARTIES

5. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is a natural person who resides in Shelby County, Tennessee.

6. BMC, (hereinafter, "Defendant"), is a for profit secondary educational system with a address of 1200 North Meridian Street, Suite 100

Indianapolis, Indiana 46204, and is a "person" as defined by 47 U.S.C. section 153(39).

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of
1934, 47 U.S.C. § 201 et seq.

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). The plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress

found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also

recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [3]

[2] 47 U.S.C. § 227 (b)(1)(A)(iii). 3 Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…"It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—…"

## ALLEGATIONS OF FACT

11. Beginning on or around May 29th, 2015, and within a span of several weeks, BMC placed at least twenty three (23) calls to Plaintiff's cellular telephone (682) 241-8688 from (817) 799-5070, (817) 799-0414, and (817) 799- 0415, by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

12. When Plaintiff answered several calls from the Defendant he would say

"Hello" two or three times before the call would disconnect. On other occasions, Plaintiff would hear a phone ring, and a pre-recorded voice say. "Please stay on the line."

13. Per the FCC, the calls Plaintiff received from the Defendant was *indicative* of using an autodialer, and a pre-recorded messaging system to initiate the calls.

14. Frustrated by the frequency of calls, and the stress from moving, Plaintiff answered a call on 5/29/2015, at 2:19 pm from (817) 799-5070, and shouted into the phone, "Stop calling!!" On 6/2/2015, at approximately 12:08 pm, Plaintiff answered another call from the Defendant and spoke with a representative who called herself "Candice." Plaintiff explained to her that he had told them to stop calling before, and to please stop calling and hung up the phone. Yet, the phone calls continued and increased in frequency.

15. Plaintiff has never provided his cellular phone number to the Defendant or given his prior express consent to be called, whether on his own or on behalf of any third party.[4]

16. The Defendant calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when

a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

17. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

18. The Defendant telephone calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice" or placed by "an automatic telephone dialing system" for non-emergency purposes and in the absence of the Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

---

[4] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, (FCC Declaratory Ruling), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (Jan 4, 2008).

19. Under the TCPA and pursuant to the FCC's January 2008, and July 2015 Declaratory Rulings, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statue.

20. Plaintiff has incurred damages from data, and messaging cost related to the unsolicited phone calls to his cellular phone.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

## QUESTIONS OF LAW

22. Questions of law and fact include, but are not limited to, the following:

a. Whether the Defendants made non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice;

b. Whether the Defendants conduct was knowing and/or willful;

c. Whether the Defendants are liable for damages and the amount of such damages.

## COUNT I

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Without prior express consent, and within a span of only a few weeks, the Defendant contacted Plaintiff at least twenty-three (23) times by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

25. The phone calls were made to Plaintiff without the number being provided to Defendant, and without the prior express consent of Plaintiff.

26. The Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

# **PRAYER FOR RELIEF**

a) As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227 (b)(3);

b) Any award of all fees and costs incurred by Plaintiff.

Respectfully submitted,

Wayne H. Norman
4357 Wanatah
Memphis, TN. 38109
whnorman@hotmail.com